IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | ) No. 05-1085-T-An |
| | ) |
| N.L. MONTGOMERY AND SON | ) |
| SAWMILL, INC., et al., | ) |
| | ) |
| Defendants. | ) |

ORDER GRANTING PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENTS

Plaintiff filed this action against Defendants, seeking a declaratory judgment that Defendants are not covered under an insurance policy issued by Plaintiff to N.L. Montgomery and Son Sawmill, Inc., for an accident that is the subject of a tort action in the Circuit Court of McNairy County, Tennessee.[1]  Jurisdiction is based on diversity of citizenship, 28 U.S.C. § 1332.  On August 4, 2005, the Clerk of the Court entered default against Defendants Mike Riley, Jr., and Mike Riley, Sr.[2]  Plaintiff has now moved the court to grant a default judgment against these Defendants [Docket #s 20, 21].  For the reasons

---

[1] The Declaratory Judgment Act, 28 U.S.C. § 2201, grants a district court discretion to decide an insurance coverage diversity case. Grand Trunk Western Railroad Company v. Consolidated Rail Corporation, 746 F.2d 323 (6th Cir. 1984).

[2] "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P. 55(a).

This document entered on the docket sheet in compliance with Rule 58 and/or 79 (a) FRCP on _08-22-05_

set forth below, Plaintiff's motions for default judgments are GRANTED.

Under Rule 55 of the Federal Rules of Civil Procedure, the court may grant a default judgment against a defendant who has failed to file an answer or motion to dismiss within twenty days from the date that the complaint was filed, or within such additional time as the Court has granted. Rule 55 serves to protect a diligent party "lest he be faced with interminable delay and continued uncertainty as to his rights." Wright, Miller, Kane, *Federal Practice and Procedure: Civil* § 2681.

Because Defendants Mike Riley, Jr., and Mike Riley, Sr., have failed to file an answer or otherwise defend this action, Plaintiff's motions for default judgments against Defendants Riley are GRANTED. Plaintiff has no duty to defend Defendants Mike Riley, Jr., and Mike Riley, Sr., or to provide coverage for them under the policy that it issued to Defendant N.L. Montgomery and Son Sawmill, Inc., for the claims asserted against Defendants in an action pending in the Circuit Court of McNairy County, Tennessee, and bearing docket number 5383. The issues of the duty to defend and coverage for the remaining defendants remain unresolved.

IT IS SO ORDERED.

_____
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

19 August 2005
DATE

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 24 in case 1:05-CV-01085 was distributed by fax, mail, or direct printing on August 22, 2005 to the parties listed.

---

James I. Pentecost
PENTECOST GLENN & RUDD, PLLC
106 Stonebridge Blvd.
Jackson, TN 38305

Charles H. Barnett
SPRAGINS BARNETT COBB & BUTLER
P.O. Box 2004
Jackson, TN 38302--200

R. Dale Thomas
RAINEY KIZER BUTLER REVIERE & BELL
105 S. Highland Avenue
Jackson, TN 38302--114

Gerald A. Coleman
DURRETT AND COLEMAN
P.O. Box 1667
West Memphis, AR 72303

Clinton H. Scott
SPRAGINS BARNETT COBB & BUTLER
312 East Lafayette St.
Jackson, TN 38302--200

Corey B. Trotz
NAHON SAHAROVICH & TROTZ, PLC
488 S. Mendenhall
Memphis, TN 38117

Robert Redding
ARMSTRONG ALLEN, PLLC
464 North Parkway
Ste. A
Jackson, TN 38305

Honorable James Todd
US DISTRICT COURT