IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| CANAL INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| VS. | ) | No. 05-1085-T-An |
| | ) | |
| N.L. MONTGOMERY AND SON SAWMILL, INC., et al., | ) ) | |
| | ) | |
| Defendants. | ) | |

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
AND DENYING PLAINTIFF'S MOTION TO FILE A REPLY

On January 28, 2005, Ruby Brown filed a wrongful death action against Mike Riley, Jr., Mike Riley, Sr.,[1] Old South Freight Service, Inc., and N.L. Montgomery and Son Sawmill, Inc., in the Circuit Court of McNairy County, Tennessee. N.L. Montgomery demanded that Plaintiff Canal Insurance Company provide it with a defense and indemnity in that action. Plaintiff then filed a declaratory judgment action in this court, seeking a determination that Defendants are not covered under the insurance policy issued by Plaintiff to N.L. Montgomery.[2] Plaintiff has now filed a motion for summary judgment, and Defendants have responded to the motion. For the reasons set forth below, Plaintiff's motion

---

[1] On August 24, 2005, Plaintiff was granted a default judgment against Defendants Mike Riley, Jr., and Mike Riley, Sr.

[2] The Declaratory Judgment Act, 28 U.S.C. § 2201, grants a district court discretion to decide an insurance coverage diversity case. Grand Trunk Western Railroad Company v. Consolidated Rail Corporation, 746 F.2d 323 (6th Cir. 1984).

is GRANTED. Plaintiff's motion to file a reply is DENIED as unnecessary.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. To prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989). The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . [t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986). The court's function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter, however. Anderson, 477 U.S. at 249. Rather, "[t]he inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" Street, 886 F.2d at 1479 (quoting Anderson, 477 U.S. at 251-52). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59 (1970).

"Insurance policies are contracts, and thus scope of coverage issues present questions of law. A declaratory judgment proceeding is an appropriate vehicle for deciding coverage questions, and, when the relevant facts are not in dispute, the legal issues regarding a policy's coverage may be resolved by summary judgment." Merrimack Mut. Fire Ins. Co. v. Batts, 59 S.W.3d 142, 147–48 (Tenn. App. 2001) (internal citations omitted).[3]

The undisputed facts are as follows.[4] Plaintiff issued a policy of insurance, policy number 395087, to Defendant N.L. Montgomery on or about September 6, 2003. The policy provided basic automobile liability coverage for certain scheduled tractors. The two tractors originally listed as scheduled tractors on the policy were a 1998 Mack Tractor with vehicle identification number 1M1AA18Y2WW083485 and a 1987 International Tractor with vehicle identification number 2HSFRCUR6HC001896. In January 2004, the 1998 Mack Tractor was replaced with a 2000 International Tractor with vehicle identification number 2HSCHAER4YC091479. The policy also provided basic automobile liability coverage for any trailer while attached to a scheduled tractor.

N.L. Montgomery, a sawmill company, hired Mike Riley, Sr., to haul some of its logs. At the time of the accident, Mike Riley, Jr., was driving a 1988 Freightliner tractor with vehicle identification number 1FUPYCYB6JH315315 which was owned by Mike Riley, Sr.. The attached trailer and logs loaded on the trailer were owned by N.L. Montgomery. Ruby

---

[3] Because jurisdiction is predicated on diversity of citizenship, the court will apply Tennessee law. See Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) (Federal courts sitting in diversity apply state substantive law and federal procedural law.)

[4] The facts are stated for the purpose of deciding this motion only.

Brown's decedent, Bobby Brown, was killed as a result of a vehicular accident with Mike Riley, Jr.

> The policy issued by Plaintiff to N.L. Montgomery provides, in part:
>
> The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use . . . for the purposes stated as applicable thereto in the declarations, of an owned automobile or of a temporary substitute automobile . . . ..

Exhibit 1 to Affidavit of F. M. Timmons, Jr., Page 1, Section A – Basic Automobile Liability Insurance, Part I. Coverage A – Bodily Injury Liability – Coverage B – Property Damage Liability. The policy defines "owned automobile" as follows:

> When used in reference to this insurance (including endorsements forming a part of the policy): . . .
> "owned automobile" means either
> (a) an automobile which is owned by the named insured and described in the declarations; or
> (b) an automobile ownership of which is newly acquired by the named insured during the policy period, provided
> (i) it replaces an owned automobile as defined in (a) above, or
> (ii) the company insures all automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile and pays any additional premium required thereafter; and "owned automobile" includes a trailer not described in this policy, if designed for use with a four wheel private passenger automobile and if not being used for business purposes with another type automobile; . . . .

Exhibit 1 to the Affidavit of F. M. Timmons, Jr., Page 3, Section A – Basic Automobile Liability Insurance, Part VII. Additional Definitions.

"Temporary substitute automobile" is defined by the policy as follows:

> When used in reference to this insurance (including endorsements forming a part of the policy): . . .
>
> "temporary substitute automobile" means an automobile not owned by the named insured or any resident of the same household, while temporarily used with the permission of the owner as a substitute for an owned automobile when withdrawn from normal use for servicing or repair or because of its breakdown, loss or destruction; . . .

Id. Thus, under the policy, Plaintiff is obligated to pay on behalf of Defendant N.L. Montgomery any damages assessed against Defendant if those damages were caused by an occurrence and arose out of the ownership, maintenance or use of an "owned automobile" or a "temporary substitute automobile"[5] as defined by the terms of the policy.

Defendant N.L. Montgomery has acknowledged that the 1988 Freightliner Tractor driven by Mike Riley, Jr., and the attached trailer were not covered automobiles as defined by the policy of insurance at issue. Answer of N.L. Montgomery and Son Sawmill, Inc., ¶ 14.[6] Only the 2000 International Tractor, the 1987 International Tractor, and any trailer attached to a scheduled tractor were "owned automobiles" to which the policy was applicable.[7] Exhibit 1, Affidavit of F. M. Timmons, Jr.

"Vehicular liability insurance is ordinarily written upon and follows particular

---

[5] The vehicle operated by Mike Riley, Jr., does not meet the definition of "temporary substitute automobile" because it was not being used by N.L. Montgomery as a substitute for any of the "owned automobiles"—the 2000 International Tractor, the 1987 International Tractor, or any trailer while singularly attached to a scheduled tractor—for which the policy provides coverage. Dep. of Gary Montgomery, pp. 67- 68.

[6] Defendant has asserted certain affirmative defenses, as discussed below.

[7] The trailer attached to the tractor operated by Mike Riley, Jr., belonged to N.L. Montgomery but was neither attached to a scheduled tractor nor was it a trailer designed for use with a four wheel private passenger automobile and not being used for business purposes with another type automobile. Dep. of Gary Montgomery, pp. 19, 68. Therefore, it was not covered by the policy.

scheduled vehicles. It is not written upon named individuals, and it is not like general health or accident insurance coverage. The liability policy covers a scheduled vehicle . . . subject to prescribed conditions and exclusions." Hill v. Nationwide Mutual Ins. Co., 535 S.W.2d 327, 330 (Tenn. 1976). Therefore, under the terms of the policy, Plaintiff has no duty to defend N.L. Montgomery or any other Defendant in the wrongful death action, and the policy provides no coverage to N.L. Montgomery or any other Defendant for any damages or liabilities that may be imposed against them in the wrongful death action.

Defendants, however, contend that, despite the terms of the policy, summary judgment should be denied on the grounds that (1) it is premature to deny coverage because the facts of the wrongful death action could establish that the accident was caused by improperly loading the logs on the trailer which would make the accident fall within the scope of coverage and (2) there is a dispute as to the scope of the coverage agreement because Gary Montgomery, the president of N.L. Montgomery, thought he was purchasing insurance for all his trailers.

Defendants' argument that it is premature to deny coverage because the facts of the underlying tort case have not been established is without merit. First, the express terms of the policy provided coverage for scheduled vehicles only. The tractor being driven by Defendant Mike Riley, Jr., at the time of the accident was not a scheduled tractor, and the policy provided liability coverage for a trailer only when the trailer was attached to a scheduled tractor. Therefore, whether the trailer was loaded negligently is not relevant to the coverage question since the trailer was not a covered vehicle. A court will not "write-in" coverage if

it is not within the insurance contract. See Mass. Mut. Life Ins. Co. v. Jefferson, 104 S.W.3d 13, 20–21 (Tenn. App. 2002) ("The insuring agreement defines the outer limits of an insurance policy's coverage. Thus, if coverage cannot be found in the insuring agreement, it cannot be found elsewhere in the policy.")

Second, even if the trailer was a scheduled vehicle, negligent loading of the trailer was not alleged in the state court complaint. The general rule in Tennessee is that an insurer's duty to defend an action against the insured depends on the allegations in the underlying complaint against the insured. First Nat'l Bank v. South Carolina Ins. Co., 341 S.W.2d 569, 570 (Tenn.1960); see also Drexel Chem. Co. v. Bituminous Ins. Co., 933 S.W.2d 471 (Tenn. App.1996); I. Appel Corp. v. St. Paul Fire & Marine Ins. Co., 930 S.W.2d 550 (Tenn. App.1996); Graves v. Liberty Mut. Fire Ins. Co., 745 S.W.2d 282 (Tenn. App.1987).

> It is accepted in the overwhelming majority of jurisdictions that the obligation of a liability insurance company to defend an action brought against the insured by a third party is to be determined **solely** by the allegations contained in the complaint in [the underlying] action.... Accordingly, if the allegations ... are within the risk insured against and there is a potential basis for recovery, then [the insurer] must defend ... regardless of the actual facts or the ultimate grounds on which ... liability to the injured party is predicated.... **In any event, the pleading test for determination of the duty to defend is based exclusively on the facts as alleged rather than on the facts as they actually are....**

St. Paul Fire and Marine Ins. Co. v. Torpoco, 879 S.W.2d 831, 835 (Tenn. 1994) (quoting American Policyholders' Ins. Co. v. Cumberland Cold Storage Co., 373 A.2d 247 (Me.1977)) (emphases added). Likewise, if any of the allegations are covered under the policy, the insurer has a duty to defend the insured. Id. at 480 (citing U.S. Fidelity & Guar. Co. v.

7

Murray Ohio Manuf. Co., 693 F. Supp. 617 (M.D. Tenn.1988). Because the underlying complaint does not make a claim based on the loading of the trailer, it cannot be considered here.

Defendants' second argument is also without merit. A written insurance contract governs the coverage provided and sets the parameters of that coverage. See Bituminous Fire & Marine Ins. Co. v. Izzy Rosen's, Inc., 493 F.2d 257, 260 (6th Cir. 1974). Thus, N.L. Montgomery's misunderstanding of the terms of the insurance contract does not change the express terms of the policy or result in the policy's being considered ambiguous.[8]  As explained in Standard Fire Ins. Co. v. Chester O'Donley & Associates, 972 S.W.2d 1 (Tenn. App. 1998):

> The essential components of a general liability insurance policy include (1) the declarations, (2) the insuring agreements and definitions, (3) the exclusions, (4) the conditions, and (5) the endorsements. When coverage questions arise, these components should be construed in the above order to avoid confusion and error. See Tinker, 25 *Fed'n Ins. Counsel Q*. at 222; Long, § 10.04.
>
> The insuring agreement sets the outer limits of an insurer's contractual liability. If coverage cannot be found in the insuring agreement, it will not be found elsewhere in the policy.

Here, the declarations page of the policy in conjunction with the insuring agreement and definitions provide that trailers are covered only when attached to scheduled tractors. Therefore, the trailer involved in the accident does not come within the coverage of the policy. See Bituminous Fire & Marine Ins. Co., 493 F.2d at 260 (A court may not write coverage into

---

[8] It is undisputed that Gary Montgomery intended to purchase an insurance policy from Plaintiff that would provide liability coverage for all N.L. Montgomery trailers. See Gary Montgomery Dep. at pp. 28-29, 44-46, Defendant's Exhibit A.

an insurance contract when no such coverage is provided within the four corners of the insurance contract.)

Plaintiff's motion for summary judgment is GRANTED. Plaintiff has no duty to defend Defendants or to provide coverage for them under the policy that it issued to Defendant N.L. Montgomery and Son Sawmill, Inc., for the claims asserted against Defendants in an action pending in the Circuit Court of McNairy County, Tennessee, and bearing docket number 5383. Plaintiff's motion to file a reply is DENIED as unnecessary. The clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

 s/ **James D. Todd**  
JAMES D. TODD  
UNITED STATES DISTRICT JUDGE